**BARCLAY DAMON LLP**
Jeffrey A. Dove (*pro hac vice* admission being sought)
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7112
jdove@barclaydamon.com

Ilan Markus
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Telephone: (203) 671-2661
imarkus@barclaydamon.com

*Proposed Counsel to Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- x

In re:        :    Chapter 11

       :

       OLIVER 889, LLC        :    Case No. 24- 10215    (_____)

       :

                  Debtor.      x

------------------------------------------------- 

## DECLARATION OF NOAH LENOVITZ
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

I, Noah Lenovitz, declare, pursuant to Section 1746 of Title 28 of the United States Code, that:

1.    I am a member of Oliver 889, LLC a New York limited liability company, who is the debtor and debtor in possession ("Debtor") in the above-captioned case (the "Chapter 11 Case").

2.    I am familiar with the Debtor's day-to-day operations, financial condition, business affairs, and books and records. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussion with other members of the Debtor's management, my review of relevant documents, or my opinion based upon my experience and

1

27719316.1

knowledge of the Debtor's operations and financial condition. If called to testify, I would testify competently to the facts set forth in this Declaration.

3.    I submit this declaration (the "Declaration") pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and in support of Debtor's voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.    This Declaration is divided into three parts. Part I of this Declaration provides an overview of the Debtor's business and operations, including its corporate and capital structure. Part II describes the circumstances leading to the commencement of this Chapter 11 Case. Part III provides the specific information required by Local Rule 1007-2.

## PART I:   DEBTOR'S BUSINESS AND OPERATIONS

### A. The Chapter 11 Filing

5.    On this date (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under subchapter V of chapter 11 of the Bankruptcy Code.

### B. Overview of the Debtor's Business and Corporate Organization

6.    Oliver 889, LLC is a New York limited liability company.

7.    Debtor was formed on May 10, 2010.

8.    Debtor's business address is 889 Broadway, New York, New York 10003 (the "Property"). The Debtor leases apartments 1A, 1B and 1C (the "Premises") at the Property and owns 2,860 shares of 889 Realty, Inc. ("Realty"), the owner of the Property.

9.    The Debtor subleases the Premises to Fishs Eddy, LLC which operates a retail store from the Premises. Fishes Eddy, LLC has common owners with the Debtor.

2

## PART II:  CIRCUMSTANCES LEADING TO THE FILING OF THIS CHAPTER 11 CASE

### A.  Circumstances Leading the Debtor to Chapter 11

10.     As Fishs Eddy's business was negatively impacted by the COVID 19 pandemic, it was unable to pay its obligations to the Debtor under the sublease, thereby causing the Debtor to fall behind on its obligations to Realty.  Realty attempted to default the lease with the Debtor, and has issued a lease termination notice.  The Debtor disputes the validity of the default notice and the termination notice.

11.     In addition, the Debtor is engaged in litigation with Realty concerning an illegal voting agreement and Realty's allocation of a disproportionate share of Realty's expenses to the Debtor.

12.     In addition, as a result of Fishs Eddy inability to pay its obligations to the Debtor, the Debtor was unable to satisfy its obligations to Newtek Bank, N.A. ("Newtek").  Newtek therefore commenced an action on the note executed by the Debtor (and guaranteed by several related entities) to finance the purchase of its shares in Realty.  That action remains pending.

## PART III:  OTHER INFORMATION REQUIRED BY LOCAL RULE 1007-2

13.     The Debtor's assets consist of its leasehold interest in the Premises, its shares in Realty, and a minor amount of cash and accounts receivable. The Debtors total amount of cash on hand at the time of the filing is approximately $2,300 and its receivables equal approximately $13,094.

14.     The Debtor has approximately $6.6 million in secured liabilities and no unsecured priority liabilities.

3

27719316.1

15.     The Debtor has general unsecured liabilities of approximately $1,249,000, including $760,000 of dispute claims asserted by Realty, and approximately $405,000 owed to an affiliate.

16.     None of the Debtor's assets are in the possession or custody of any entity other than the Debtor.

17.     The Debtor's books and records are maintained at its offices at 889 Broadway, New York, New York 10003.  Copies of the books and records may also be in the possession of the Debtor's accountants, Lutz and Carr, CPAs LLP.  None of the Debtor's assets are located outside the territorial limits of the United States.

18.     The Debtor has no employees and its members are not compensated for their efforts on behalf of the Debtor.

19.     A schedule showing the anticipated cash receipts and disbursements, and accrued but unpaid obligations incurred in the thirty (30) day period following the filing of the petition is annexed hereto as Exhibit 1.

20.     I am a member of the Debtor and oversee all of the business operations of the Debtor and interface with the Debtor's creditors and professionals.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  February 9th, 2024

_____
NOAH LENOVITZ

27719316.1

**EXHIBIT 1**
**Anticipated Cash Receipts and Disbursements**


Cash Receipts:          $300.00*
Cash Disbursements:     $300.00*

\* Fishs Eddy, LLC, pays the majority of Oliver 889, LLC's expenses directly in
lieu of paying rent.